UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEVAN C.R. LAMPE,

Plaintiff,

v.

CAUSE NO. 3:22-CV-410-JD-MGG

WILLIAM R. HYATTE, et al.,

Defendants.

OPINION AND ORDER

Devan C.R. Lampe, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 complaining about several aspects of the conditions of confinement in Miami Correctional Facility's Restrictive Housing Unit. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, however, information Lampe submitted to the court establishes that he filed suit before he exhausted his administrative remedies within the prison. It is frivolous to file suit before administrative remedies have been exhausted, and therefore, this case must be dismissed.

Kimberlin seeks to hold Warden William Hyatte, Deputy Warden Jacqueline Scaife, and Major Robert Bennett liable for alleged violations of Indiana Department of Correction policies and other conditions of confinement in the RHU. He attested that he submitted his complaint to prison officials for filing on May 16, 2022, and it was received in this court and docketed on May 23, 2022. ECF 1 at 6. But a month later, Lampe filed a motion to enter evidence, asking that the court enter additional evidence into the record. ECF 5. Among that evidence was a grievance he filed, which he says "shows I've exerted my effort to fix the problem and exhausted my remedy to fix it at facility level." ECF 5 at 1-2. An examination of that grievance reveals that Lampe could not have completed the administrative grievance process before he filed this suit.

Lampe's grievance was dated May 9, 2022, just one week before he submitted this case for filing on May 16, 2022. ECF 5-1 at 4; ECF 1 at 6. He stated in his complaint that he filed a grievance but did not receive a response to it. ECF 1 at 6. The Offender Grievance Process has three steps: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *See* Policy and Administrative Procedure 00-02-301, The Offender Grievance Process, effective date Sept. 1, 2020, at p.3, available at 00-02-301-Offender-Grievance-Process-9-1-2020.pdfOffender-Grievance-Process (in.gov) (last visited Sept. 15, 2022). The grievance process specifies that within ten business days of the grievance office receiving the grievance, the grievance office will send the offender a receipt notifying the offender that the grievance was accepted for processing or a "Return of Grievance" form, notifying the offender of defects in the grievance and allowing the offender a

2

chance to resubmit a corrected grievance. *Id.* at 9-10. If the offender does not receive either a receipt for an accepted form or a returned grievance within ten business days, the grievance process instructs the offender to notify the grievance office. *Id.* at 9. After the grievance office accepts a grievance, it has fifteen business days to complete an investigation and provide a response to the offender, though that time may be extended if more time for investigation is needed. *Id.* at 10, 12. If an offender does not receive a response within 20 business days of when the grievance office receives the grievance, he is instructed to file an appeal as though the grievance had been denied. *Id.* at 12.

Here, Lampe says he submitted a grievance on May 9, 2022, and submitted this lawsuit for filing on May 16, 2022, just five business days later. He thus filed suit before allowing time for the grievance process to play out. Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a sue first, exhaust later approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (quotation marks omitted). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies

3

before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis in original).

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). The filings here show that, although Lampe began the grievance process, he filed this suit before the process was completed. *See Schillinger v. Kiley*, No. 21-2535, 2022 WL 4075590, at *1 (7th Cir. Sept. 6, 2022) (unpublished) ("Although failure to exhaust is an affirmative defense, a district court may dismiss a complaint at screening if the complaint, and any documents subject to judicial notice, establish the defense so plainly as to make the suit frivolous.").

For these reasons, this case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) because it is frivolous to sue before exhausting administrative remedies.

SO ORDERED on September 15, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

4